ROBERT DOUGLASS, Plaintiff in Error,

*vs.*

E. A. ROGERS, Defendant in Error.

ERROR TO THE COUNTY COURT OF LA CROSSE COUNTY.

Where the parties to a suit, stipulate by their attorneys, that the depositions of certain witnesses for the defendant might be used in evidence upon the trial, waiving all irregularities and informalities, reserving only the right to object to matters of substance, the plaintiff cannot object to the introduction of such depositions at the trial of the cause, for the reasons that it did not appear from the said depositions, that the witnesses lived more than thirty miles from the place of trial, and that they were substantially defective, because it did not appear that any of the causes for taking depositions, as defined and directed by statute, existed.

THIS was an action of assumpsit, brought by the defendant in error, before C. R. Johnson, a justice of the peace of La Crosse county, in January, 1853. The declaration was upon a promissory note for $50, made by Douglass, June 12, 1852, and payable September 15, 1852. The plaintiff in error pleaded the general issue, want of consideration, and a special contract. Cause was tried on the 1st day of February, 1854, and a verdict rendered for the defendant in error for $53.12 damages, and $23.88 costs of suit.

Plaintiff in error appealed from the judgment of the justice to the County Court of La Crosse county, and at the April term thereof, the cause came on for trial, upon the issue joined before the justice of the peace.

Plaintiff below offered in evidence the note declared on, and rested his case.

The defendant below, in support of his case, among other matters offered in evidence the depositions of William Hubbell and Horace Sims, and the following stipulation signed by the attorneys of the respective parties, subjoined, as it seems, to the depositions mentioned. "It is hereby stipulated by and between the parties to said suit, that the foregoing depositions of William

Hubbell and Horace H. Sims, may be used in evidence upon the trial of said cause, all irregularities and informalities waived, reserving the right to object to matters of substance."

To the introduction of these depositions, the counsel for plaintiff below objected, on the ground that it did not appear from the depositions, that said Hubbell and Sims lived more than thirty miles from the place of trial, and on the ground that they were substantially defective, in that it did not appear that any of the causes for taking depositions as defined and directed by statute, existed. The court below sustained the objection, and ruled that the depositions could not be received in evidence, to which ruling the defendant below, by his counsel, then and there excepted.

The defendant below also offered other testimony to establish want of consideration, and the special contract by him pleaded before the justice; but as the decision of this court only turns upon the question presented by the ruling of the court below in reference to the admissibility of the depositions of Hubbell and Sims, we have not deemed it necessary to state it.

Judgment was rendered by the court before whom the cause was tried (a jury having been waived by the parties), against the plaintiff in error for $59.80, to reverse which judgment, the present writ of error was sued out.

*Stevens & Wheeler*, for plaintiff in error.

*W. H. Tucker and E. Flint*, for defendant in error.

*By the Court*, WHITON, C. J. There can be no doubt that the judge before whom this case was tried, committed an error in ruling out the depositions of Hubbell and Sims. The parties had stipulated that they should be used as evidence on the trial, reserving to the plaintiff the right to object to matters of substance. This reservation could not have the effect to prevent their introduction as evidence.

It can be allowed only to have the effect to allow the plaintiff to object at the trial to matters contained in the depositions which might be improper, but cannot have the effect to exclude them altogether.

The judgment must, therefore, be reversed.